Mary Jo O'Neill  AZ Bar No. 005924
Sally C. Shanley AZ Bar No. 012251
P. David Lopez  DC Bar No. 426463
**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** Phoenix District Office
3300 North Central Avenue, Suite 690
Phoenix, Arizona  85012-2504
Telephone: (602) 640-5016
E-Mail:   mary.oneill@eeoc.gov
             sally.shanley@eeoc.gov
             patrick.lopez.@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY  COMMISSION, | Case No.  CV |
| Plaintiff, | **COMPLAINT** |
| vs. | (Jury Trial Demanded) |
| SWMW Management, Inc., Bell Road Automall, Inc., and Big Bell 21 LLC, d/b/a Bell Road Kia, | |
| Defendants. | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, retaliation, and sex, female, and to provide appropriate relief to Mitchell Dupoux, Brian Netzel, and Alicia Hartley and a class of female employees who were adversely affected by such practices during their employment with SWMW Management, Inc., Bell Road Automall, Inc., (BRAM) and Big Bell 21 LLC, d/b/a Bell Road Kia (collectively "Defendants").   The Commission alleges that Mitchell Dupoux was subjected to unwelcome race harassment by Defendants' employees, which created a hostile work environment because of his race, African American.   The Commission also

alleges that Defendants subjected Brian Netzel to retaliatory acts, including threats of dismissal, because he opposed the unlawful employment practices of Defendants. As a result of Defendants' conduct, the conditions of Brian Netzel's employment were made so intolerable that he was forced to resign his position. Additionally, the Commission alleges that Defendants subjected Alicia Hartley and a class of female employees, including Melissa Nagel, to unwelcome comments and conduct of a sexual nature by Defendants' employees, which created a hostile work environment because of sex, female. The Commission further alleges that Defendants subjected Alicia Hartley to retaliatory acts, including not being permitted to return to work, because she opposed the unlawful employment practices of Defendants. As a result of Defendants' conduct, the Commission alleges Alicia Hartley's employment was effectively terminated.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5 (f)(1) and(3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendants, Arizona corporations, have continuously been doing business in the State of Arizona, including the City of Phoenix, as a single

2

employer and/or joint employers, and have continuously had at least 15 employees.

5.  At all relevant times, Defendants have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6.  More than thirty days prior to the institution of this lawsuit, Mitchell Dupoux filed a charge with the Commission alleging violations of Title VII by Defendant Bell Road Automall, Inc.

7.  More than thirty days prior to the institution of this lawsuit, Brian Netzel filed a charge with the Commission alleging violations of Title VII by Defendant Bell Road Automall, Inc.

8.  More than thirty days prior to the institution of this lawsuit, Alicia Hartley filed a charge with the Commission alleging violations of Title VII by Big Bell Road Kia, which is owned by Defendant Big Bell 21 LLC.

9.  More than thirty days prior to the institution of this lawsuit, Helena Younathan filed a charge with the Commission alleging violations by Bell Road Automall and SWMW Management, Inc.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Since at least 2005, Defendants have engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a). These practices include the harassment of Mitchell Dupoux because of his race, African American, which created a hostile work environment.

11. Since at least July 2002, Defendants have engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 704(a) of Title VII, §§2000e-3(a). These retaliatory employment practices include subjecting Brian Netzel to adverse terms, conditions, or privileges of employment and threats of dismissal because

he opposed unlawful employment practices; and as a result of Defendants' retaliatory employment practices, the conditions of Brian Netzel's employment were made so intolerable that he was constructively discharged.

12.     Since at least July 2002, Defendants have engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 703(a) of Title VII, 42 U.S.C. §§2000e-2(a). These practices include the harassment of Alicia Hartley and a class of female employees because of their sex, female, which created a hostile work environment.

13.     Since at least July 2005, Defendants have engaged in unlawful employment practices at their Phoenix, Arizona facility in violation of Section 704 (a) of Title VII, §§2000e-3(a). These retaliatory employment practices include subjecting Alicia Hartley to adverse terms, conditions, or privileges of employment and not being permitting her to return to work, because she opposed the unlawful employment practices of Defendants, constructively discharging her employment because of her opposition to unlawful employment practices.

14.     The effect of the practices complained of in paragraph 10 above has been to deprive Mitchell Dupoux of equal employment opportunities and otherwise adversely affect his status as an employee, because of his race, African American.

15.     The effect of the practices complained of in paragraphs 11 and 13 above has been to deprive Brian Netzel and Alicia Hartley of equal employment opportunities and otherwise adversely affect their status as employees because of their opposition to unlawful employment practices.

16.     The effect of the practices complained of in paragraph 12 above has been to deprive Alicia Hartley and a class of female employees, including Melissa Nagel, of equal employment opportunities and otherwise adversely affect their status as employees because of their sex, female.

17.     The unlawful practices complained of in paragraphs 10, 11, 12 and 13

above were intentional.

18.     The unlawful employment practices complained of in paragraphs 10, 11, 12, and 13 were done with malice and/or with reckless indifference to the federally protected rights of Mitchell Dupoux, Brian Netzel, and Alicia Hartley and a class of female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in the harassment of employees because of race or sex and any other employment practice which discriminates on the basis of race or sex.

B.      Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with them, from engaging in any employment practice which discriminates or retaliates against any individual because of the individual's opposition to perceived unlawful employment practices and/or because the individual filed a charge, testified, assisted, or participated in an investigation or proceeding under Title VII.

C.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for African Americans and women and those who oppose unlawful employment practices and/or file charges, testify, assist or participate in an investigation or proceeding under Title VII, and which eradicate the effects of its past and present unlawful employment practices.

D.      Order Defendants to make whole Brian Netzel and Alicia Hartley by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described in paragraphs 11 and 13 including, but not limited to, reinstatement and/or front pay.

E.  Order Defendants to make whole Mitchell Dupoux, Bryan Netzel, Alicia Hartley and a class of female employees by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10, 11, 12 and 13 above, in amounts to be determined at trial.

F.  Order Defendants to make whole Mitchell Dupoux, Bryan Netzel, Alicia Hartley and a class of female employees by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10, 11, 12 and 13 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G.  Order Defendants to pay Mitchell Dupoux, Brian Netzel, Alicia Hartley and a class of female employees punitive damages for their malicious and reckless conduct described in paragraphs 10, 11, 12 and 13 above, in amounts to be determined at trial.

H.  Grant such further relief as the Court deems necessary and proper in the public interest.

I.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 19th day of May 2008.

Respectfully submitted,

RONALD S. COOPER
General Counsel

GWENDOLYN REAMS
Associate General Counsel

EQUAL EMPLOYMENT
OPPORTUNITYCOMMISSION
1801 L Street, NW
Washington, D.C.  20507

/s/ MaryJo O'Neill
MARY JO O'NEILL
Regional Attorney

/s/ Sally C. Shanley
SALLY C. SHANLEY
Supervisory Trial Attorney

/s/ P. David Lopez
P. DAVID LOPEZ
Trial Attorney

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Phoenix District Office
3300 N. Central Ave.
Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff