**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, | No. 08-00946-PHX-GMS |
| Plaintiffs, | **ORDER** |
| vs. | |
| SWMW Management, Inc., Bell Road Automall, Inc.,; Big Bell 21 LLC, d/b/a Bell Road Kia, Inc., , | |
| Defendants. | |

The Motion to Intervene of Applicant-in-Intervention Melissa Nagel (Dkt. # 10) is denied. Ms. Nagel asserts that 42 U.S.C. § 2000e-5(f)(1) provides her with an "unconditional right" to intervene in the EEOC's complaint, and consequently she moves pursuant to Fed. R. Civ. P. 24(a)(1) to intervene in this action.

Contrary to Ms. Nagel's argument, however, the section of the United States Code she cites, 42 U.S.C. § 2000e-5(f)(1), does not provide for her intervention in this instance as of right.

Further, with their response, Defendants have included what they purport to be a binding arbitration policy that constitutes part of their employment agreement with Ms. Nagel. In this agreement Ms. Nagel agreed to submit to arbitration substantially all grievances, including discrimination claims, arising from her employment. Parties can agree

1  to submit claims brought pursuant to Title VII to binding arbitration, and if they do, such
2  agreements are enforced by the courts.. *E.E.O.C. v. Luce, Forward, Hamilton & Scripps,*
3  345 F.3d 742, 749-51 (9th Cir. 2003); *see also Circuit City v. Adams,* 532 U.S. 105, 122-123
4  (2001).

5  Defendants further argue that Ms. Nagel has no claims because they are all barred by
6  the statute of limitations. To substantiate this argument, Defendants submit EEOC's decision
7  letter to Ms. Nagel in which the EEOC declines to pursue Ms. Nagel's claims against
8  Defendants because Ms. Nagel did not bring the charges until after they had been barred.

9  Ms. Nagel has not filed a reply. She thus apparently does not dispute the authenticity
10  of the arbitration agreement to the claims asserted in her proposed complaint in intervention.
11  *Cf.* LRCiv. 7.2(I). Further, Ms. Nagel does not assert that the claims asserted in her proposed
12  complaint in intervention have survived the statute of limitations bar. Accordingly,

13  **IT IS HEREBY ORDERED** denying the Motion to Intervene of Applicant-in-
14  Intervention Melissa Nagel.

15  DATED this 18th day of September, 2008.

G. Murray Snow
United States District Judge