1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Equal Employment Opportunity Commission,<br>　　　　　Plaintiff, | Case No. CV-08-0946 PHX GMS |
| vs. | **ORDER AND CONSENT DECREE** |
| SWMW Management, Inc., Bell Road Automall, Inc., and Big Bell 21 LLC, d/b/a Bell Road Kia,<br>　　　　　Defendant. | |

The United States Equal Employment Opportunity Commission (the Commission or EEOC) filed this action against SWMW Management, Inc., Bell Road Automall, Inc., and Big Bell 21 LLC, doing business as Bell Road Kia (hereinafter referred to collectively as "Defendants") to enforce Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Title VII) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and to correct alleged unlawful employment practices on the basis of race, retaliation, and sex, female. In its Complaint, the Commission alleged that Mitchell Dupoux was subjected to unwelcome race harassment by Defendants' employees, which created a hostile work environment because of his race, African American.  The Commission further alleged that Defendants subjected Alicia Hartley and a class of female employees, including Melissa Nagel and Julie Blakley, to sex harassment by Defendants' employees, which created a

hostile work environment because of sex, female. The Commission also alleged that Defendants subjected Brian Netzel, Alicia Hartley and a class of employees, including Mitchell Dupoux, Julie Blakley, and Melissa Nagel to retaliatory acts because they opposed the allegedly unlawful employment practices of Defendants.   Brian Netzel, Melissa Nagel, Julie Blakely, Alicia Hartley and Mitchell Dupoux are hereinafter collectively referred to as "Claimants," or individually as "Claimant."

Defendants filed their Answer to the EEOC's Complaint denying the EEOC's allegations.  The parties do not object to the jurisdiction of the Court over this action and waive their rights to a hearing and the entry of findings of fact and conclusions of law.

In the interest of resolving this matter and as a result of having engaged in comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Decree.  This Decree shall not constitute an adjudication and/or finding on the merits of the case, and shall not be used as evidence of liability, res judicata, or collateral estoppel in any other legal proceedings involving Defendants.

The parties agree that this Decree resolves all claims arising out of the underlying Complaint, as well as the allegations that were raised during the litigation of that Complaint.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED:**

1.    This Decree resolves all claims of the Commission against Defendants, including back pay, compensatory and punitive damages, interest, injunctive relief, and attorney's fees and costs arising out of the issues in this lawsuit, including any and all alleged violations of Title VII and the Civil Rights Act of 1991 as alleged in the Commission's Complaint relating to the Claimants and/or the class members.

2.    This Decree conforms with the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights and privileges of any person. The entry of this Consent Decree will further the objectives of Title VII and will be in the best interests of the Commission, the Claimants, Defendants, and the public.

-2-

3.     This Decree, and any provision herein regarding Defendants, applies to Defendants, their successors and assigns.

4.     Neither the negotiation of, agreement to, execution of, nor entry of this Decree shall constitute or operate as an acknowledgement or admission of any kind by Defendants that Defendants or their employees or agents violated Title VII or any other applicable laws, orders or regulations, and Defendants specifically deny any such violation or liability.

### INJUNCTION

5.     Defendants, their successors, and assigns are permanently enjoined for the duration of the decree from (a) discriminating against any employee on the basis of race or sex, (b) subjecting any employee to sex or race harassment and (c) retaliating against any employee because he or she (i) opposed discriminatory practices made unlawful by Title VII, (ii) filed a charge or is assisting or participating in the filing of a charge of race or sexual harassment, or (iii) assisted or participated in an investigation or proceeding brought under Title VII.

### MONETARY RELIEF

6.     Defendants and/or their insurer agree to pay the gross sum of Five Hundred Thousand Dollars ($500,000.00) to be distributed equally among eligible claimants as defined in Exhibit A.  The Commission will within three business days of the Court's entry of the Consent Decree provide Defendants the addresses to be used for mailing each Claimant's payment.

7.      Defendants and/or their insurer shall pay the settlement amount separately to each Claimant by check in accordance with Paragraphs Six and Seven of this Decree within ten (10) business days of the entry of the Consent Decree.  These payments represent settlement of compensatory damages in the amount of One Hundred Thousand Dollars ($100,000.00) per Claimant.  Defendants' Insurer will issue, by January 30, 2010, United States Internal Revenue Service Form 1099 to each Claimant for the payments

-3-

made to the Claimants pursuant to the Consent Decree.  Defendant shall make no deductions from these payments.

8.     Within three business days of mailing the checks per the terms of Paragraph Six of this Decree, Defendants shall mail a copy of each check and related correspondence to the Regional Attorney, Equal Employment Opportunity Commission, 3300 N. Central Avenue, Suite 690, Phoenix, Arizona 85012.

9.     Defendant will not condition the receipt of monetary relief on any Claimant's agreement to: (a) maintain as confidential the terms of this Decree; (b) waive his or her statutory right to file a prospective charge with any federal or state anti-discrimination agency; or (c) refrain from reapplying for a job or temporary position with Defendants.  However, this Consent Decree does not guarantee any Claimant or class member employment with Defendants.

### OTHER RELIEF

10.     Defendants shall expunge from the personnel files of each class member all references to the charges of discrimination filed against Defendants or their participation in this action, and any derogatory documents which related to complaints, or investigation of complaints of race or sexual harassment.

11.     Defendants shall provide each Claimant in Exhibit A with the written apology attached as Exhibit B signed and printed on Bell Road letterhead.  Defendants shall mail these letters of apologies directly to each Claimant within ten business days of the entry of the Consent Decree by the Court.

12.     Pursuant to policy, Defendants shall provide each Claimant in Exhibit A with a neutral written employment reference attached as Exhibit C, and shall provide such references when requested by the prospective employer of any class member in Exhibit A. Defendants shall mail these references directly to each class member within ten business days of the entry of this Consent Decree by the Court.

13.     Defendants shall take prompt, appropriate disciplinary action (up to and

-4-

including termination) against any discriminating official(s) who is still employed by Defendants at the time the Court enters this Consent Decree.

14.     Defendants shall institute and carry out policies and practices that help assure a work environment free from sex and race harassment and that allow employees to raise concerns or complaints without retaliation about matters, whether alleged, perceived, or actual, made unlawful by Title VII.  To assist Defendants in its efforts to assure a work environment free of sex and race harassment and retaliation, Defendants shall take the actions provided in Paragraphs Fifteen through Twenty-Six of this Decree.

## DEFENDANT'S CORRECTIVE POLICIES AND PRACTICES

15.     Defendants shall post at each of its facilities for the duration of this Decree, in a prominent place frequented by its employees, the notice attached as Exhibit D in both English and Spanish, as appropriate.

16.     Defendants shall provide training in English and other languages, as appropriate, on sex and race harassment and retaliation, according to the following terms:

A.     Defendants shall retain and pay for a Consultant/Trainer who shall provide consultation and training for a period of three (3) years from the date of this Decree. During each of the next three years, the Consultant/Trainer shall conduct one live seminar training session each year. All Defendants' employees shall attend the seminar sessions. Defendants may, at their election, have duplicative videotaped sessions to accommodate staffing needs. Defendants shall be responsible for any additional costs to provide such duplicative sessions. Defendants' Consultant/Trainer will attend and help facilitate the videotaped showings of pre-recorded sessions.

B.     During the first year, 2010, the seminar-training session shall be conducted within six (6) months of the entry of this Decree.

C.     The seminar-training sessions shall be no less than ninety (90) minutes, plus fifteen (15) to thirty (30) minutes of questions and answers. All personnel designated in Paragraph Sixteen-A, shall both register and attend the seminar-training

session. The registry of attendance shall be retained by Defendants for the duration of the Decree.

D.     The seminars shall include the subject of what constitutes race and sex discrimination, race and sex harassment, and retaliation; that race and sex harassment, race and sex discrimination, and retaliation in the hiring, firing, compensation, assignment, or other terms, conditions, or privileges of employment, violate Title VII; how to prevent race and sex harassment, race and sex discrimination, and retaliation; how to provide a work environment free from race and sex harassment, race and sex discrimination, and retaliation; and to whom and by what means employees may complain if they feel they have been subjected to race and sex harassment, race and sex discrimination, or retaliation in the workplace. The session shall also review and explain Defendants policies set out in Paragraph Nineteen of this Decree.

E.     During the live training session, Defendant's President and/or Owner shall speak to the employees about the discipline that can be taken against supervisors, managers, and employees at Defendants, including salespersons, who commit acts of race and/or sex harassment, race and/or sex discrimination or retaliation or allow race or sex harassment, race or sex discrimination, or retaliation to occur in the workplace, the importance of maintaining an environment free of race or sex harassment, race or sex discrimination, and retaliation, and Defendants' policy in regard to race and sex harassment, race and sex discrimination, and retaliation referred to in Paragraph Nineteen of this Decree.

17.   The Commission, at its discretion, may designate Commission representatives to attend and participate in the seminar-training sessions, and the representative shall have the right to attend and fully participate in the sessions.

18.   Defendants shall designate a person as an Administrator, whose responsibilities shall include administration of this Consent Decree.  The Administrator shall report directly to the President and/or Owner of Defendants.  This position shall be

filled for at least three (3) years. The Administrator may also be the President and/or Owner of Defendants.

19. Within thirty (30) days of the entry of this decree, Defendants shall revise its written policy concerning race and sexual harassment and retaliation to conform with the law. This written policy must be in English and Spanish, as appropriate, and include, at a minimum:

A. A strong and clear commitment to a workplace free of race and sex harassment, race and sex discrimination and retaliation;

B. Clear and complete definitions of sex discrimination, race discrimination, race harassment, and sex harassment, including sexual harassment, both quid pro quo and environmental, and retaliation, with relevant examples;

C. A clear and strong encouragement of persons who believe they have been discriminated, harassed or retaliated against to come forward;

D. A description of the consequences, up to and including termination, that will be imposed upon violators of the policy;

E. A promise of maximum feasible confidentiality for persons who believe that they have been harassed or retaliated against;

F. An assurance of non-retaliation for witnesses of race or sex discrimination and race or sex harassment and persons who believe they have been discriminated against or harassed based on race or sex;

G. That race or sex discrimination or harassment by all persons, including management officials, supervisors, salespersons, vendors, suppliers, third parties, and customers is prohibited and will not be tolerated;

H. The identification of specific individuals, internal and external to Defendants, with their telephone numbers, to whom employees who have been subjected to race or sex discrimination, race or sex harassment or retaliation can report the discrimination and/or harassment, including a written statement that the employee may

report the discrimination and/or harassment to designated persons outside their chain of management;

       I.      That employees are not to discuss sexual conduct and/or racial or sexual jokes while at work;

       J.      That no sexually-oriented materials or objects shall be viewed on or brought to the premises of Defendants;

       K.      That physical contact between employees that may be construed as sexual is prohibited on the premises of Defendants;

       L.      Assurances that Defendants will investigate race or sex discrimination, race or sex harassment and retaliation allegations promptly, fairly, reasonably, and effectively by appropriate investigators and that appropriate corrective action will be taken by Defendants to make victims whole and to eradicate the race or sex discrimination, harassment and retaliation.

These policies shall be transmitted to Defendants by its President and/or Owner and distributed to each current employee within thirty (30) days of the entry of the Decree. These policies shall be distributed to all new employees when hired and reissued to each employee once a year for the term of this Decree. These policies also shall be posted in both English and. Spanish in a prominent place frequented by the employees.

20.     Defendants shall institute a procedure that evaluates supervisors, managers, and applicable human resources personnel on their performance in responding to complaints of race or sexual harassment and retaliation. The failure of such an employee to enforce the race or sex harassment, race or sex discrimination, and anti-retaliation policy must result in disciplinary action.

21.     Defendants shall promptly and appropriately investigate all complaints of race or sex discrimination, race or sex harassment and/or retaliation. The investigation must include a finding of whether race or sex discrimination, race or sex harassment and/or retaliation occurred; a credibility assessment, if necessary; interviews of all

potential victims and witnesses identified; and concurrent notes of the investigation. Defendants shall take immediate appropriate corrective action to make race or sex discrimination, race or sex harassment and/or retaliation victims whole, to discipline harassers, discriminators, and retaliators, and to eradicate the race or sex discrimination, race or sex harassment and/or retaliation.

22.     Defendants shall not retain documents related to the investigation in any of the victims' personnel files. All disciplinary actions taken against employees for violation of Defendants race or sexual harassment and/or anti-retaliation policy will be retained in the harasser's personnel file. In those cases in which no conclusion could be reached on the allegations, the investigation documents shall remain in the alleged harasser's personnel file, with a summary of the findings and a notation that no conclusion could be reached.

23.     Defendants shall inform its vendors and suppliers, including agencies providing temporary employees, of its race and sex discrimination, race and sex harassment and anti-retaliation policies and that failure to conform to the policies may result in prohibitions from conducting business with Defendants and on its premises.

**REPORTING BY DEFENDANT AND ACCESS BY EEOC**

24.     Defendants shall report in writing and in affidavit form to the Regional Attorney of the Commission's Phoenix District Office at 3300 North Central Avenue, Suit 690, Phoenix, Arizona 85012, beginning six (6) months from the date of the entry of this Decree, and thereafter every six (6) months for the duration of the Decree, the following information:

A.     Any changes, modifications, revocations, or revisions to its policies and procedures that concern or affect the subject of race or sexual harassment and/or retaliation;

B.     The name, address, position, social security number, and telephone number of any individual who has brought allegations of race or sexual harassment and/or

retaliation against Defendants personnel, including but not limited to, management officials, vendors, agents, employees and/or customers, during the six (6) months preceding the report. The nature of the complaint, investigatory efforts made by Defendants, and the corrective action taken, if any, shall be specified;

C.      The registry of persons attending the seminar required in Paragraph Sixteen of this Decree and a list of personnel employed by Defendants on the day of the seminar-training session;

D.      Confirmation that (i) the Notice required in Paragraph Fifteen of this Decree was posted in both English and Spanish, as appropriate, and the locations where it was posted, (ii) the policies required in Paragraph Nineteen of this Decree were posted and distributed to each current and new employee, and (iii) the expungement from the class members' personnel files required in Paragraph Ten of this Decree took place, the date of the expungement, and the specific documents expunged;

E.      A copy of the revised policy required in Paragraph Nineteen of this Decree;

F.      A copy of each apology letter and reference letter mailed pursuant to Paragraphs Eleven and Twelve.

25.      Defendants shall comply with the reporting requirements of Title VII, including but not limited to the filing of Standard Form 100 in accordance with 29 C.F.R. § 1602.7, commonly known as the "Employer Information Report EEO-1."

26.      The Commission, upon reasonable notice, shall have the right during the term of this Consent Decree to enter and inspect Defendants' premises to ensure compliance with this Consent Decree and Title VII's prohibition of racial and sexual harassment and retaliation.

## COSTS AND DURATION

27.      Each party shall bear its costs and attorney's fees incurred as a result of this action through the filing of this Decree.

28.    The duration of this Decree shall be three (3) years from its entry. This Court shall retain jurisdiction over this action for the duration of the decree, during which, the Commission may petition this Court for compliance with this Decree. Should the Court determine that Defendants have not complied with this Decree, appropriate relief, including extension of this Decree for such a period as may be necessary to remedy Defendants' non-compliance, may be ordered. This Decree shall expire by its own terms at the end of thirty six (36) months from the date of entry, without further action by the parties.

29.    The parties agree to entry of this Consent Decree subject to final approval by the Court.

Dated this 4th day of December, 2009.

_____
G. Murray Snow
United States District Judge

-11-

1    Approved and Consented To:

2

3

4    s/Steven D. Leach                          s/Mary Jo O'Neill
5    STEVEN D. LEACH                            MARY JO O'NEILL
                                                Regional Attorney
6

7    s/Barry H. Uhrman                          s/P. David Lopez
     BARRY H. UHRMAN                            P. DAVID LOPEZ
8                                               Supervisory Trial Attorney

9    2901 North Central Avenue, Suite 800
     Phoenix, Arizona 85012                     s/Meenoo Chahbazi
10   **JONES, SKELTON &**                       MEENOO CHAHBAZI
     **HOCHULI, P.L.C.**                        Trial Attorney

11   ATTORNEYS FOR DEFENDANTS

12                                              s/Christopher Houk
                                                CHRISTOPHER  HOUK
13   s/Allen Holzhauer                          Trial Attorney
     ALLEN HOLZHAUER
14   Bell Road Automall, Inc.,                  **EQUAL EMPLOYMENT**
     Big Bell 21 LLC, doing business as         **OPPORTUNITY COMMISSION**
15   Bell Road Kia, and SWMW Management,        Phoenix District Office
     Inc.                                       Phoenix, Arizona 85012
16
                                                ATTORNEYS FOR PLAINTIFF
17

18

19

20

21

22

23

24

25

26

27

28

-12-

EXHIBIT A

List of Class Members as Defined by Paragraph Six of the Consent Decree:

Alicia Hartley
Melissa Nagel
Julie Blakley Woeller
Mitchell Dupoux
Brian Netzel

EXHIBIT B


[Bell Road Kia Letterhead]

Dear Ms. _____:

  The recent interaction with you and the Equal Employment Opportunity Commission has caused me to re-examine our anti-harassment policies and procedures as we seek to ensure that our employees work in an appropriate employment environment.  To the extent you experienced any offensive conduct or language during your employment with the Bell Road Automall or Bell Road Kia, I apologize for that experience.


      Sincerely,


      Robert Alexander
      Bell Road Automall and Bell Road Kia

EXHIBIT C


[Bell Road Letterhead]

To Whom It May Concern:

     This letter will serve to confirm [Charging Party or Class Member]'s employment with Bell Road Automall and/or Bell Road Kia from [date] to [date]. During this time, [Charging Party or Class Member] held the position of [job title].

Sincerely,


               Allen Holzhauer
               Bell Road Automall and Bell Road Kia

EXHIBIT D

NOTICE TO ALL EMPLOYEES OF BELL ROAD KIA
AND BELL ROAD AUTOMALL

     This Notice is posted pursuant to a Consent Decree entered into between SWMW Management, Inc., Bell Road Automall, Inc., and Big Bell 21 LLC, doing business as Bell Road Kia (referred to collectively as "Bell Road") and the Equal Employment Opportunity Commission (EEOC).

     It is unlawful under federal law, Title VII of the Civil Rights Act, and state law to discriminate against an employee on the basis of race or sex, including racial and sexual harassment, in the recruiting, hiring, firing, compensation, assignment, or other terms and conditions of privileges of employment.  Sexual harassment includes unwelcome or offensive sexual advances or touching, requests for sexual favors, or other verbal or physical conduct directed at a person because of his/her sex.  It is also unlawful to retaliate against any person because the person protested discriminatory practices or contacted the EEOC or the Arizona Civil Rights Division (ACRD).

     Bell Road shall not discriminate against any employee on the basis of race or sex, including racial and sexual harassment, and shall not retaliate against any employee for complaining about race or sex harassment.

     If you believe you have been discriminated against, racially harassed, or sexually harassed, you have the right to seek assistance from:

(1)    EEOC
       3300 N. Central Avenue
       Suite 690
       Phoenix, Arizona 85012
       Telephone: 602-640-5000
       TTY:  602-640-5072
       Website (national): www.eeoc.gov or

(2)    Arizona Civil Rights Division ("ACRD")
       of the Attorney General's Office
       1275 West Washington
       Phoenix, Arizona  85007
       Telephone:  602-542-5263
       TDD:  602-542-5002
       Toll Free: (877) 491-5742
       Toll Free TDD:  877-624-8090

No Retaliation Clause:  It is against the law for any action to be taken against you by any supervisory or management official of Bell Road for (1) opposing sexual harassment or other discriminatory practices made unlawful by federal or state law; (2) filing a charge of assisting or participating in the filing of a charge of discrimination; or (3) assisting or participating in an investigation or proceeding brought under Title VII.  Should any such retaliatory actions be taken against you, you should immediately contact the EEOC or ACRD at the addresses or telephone numbers listed above.